NOTICE

Decision filed 01/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220759-U

NO. 5-22-0759

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 20-CF-1310 |
| | ) | |
| BRANDON TOVAR, | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1 *Held*: Where the record failed to establish that the trial court improperly considered or applied factors in mitigation and aggravation in fashioning the defendant's *de facto* life sentence, the trial court's sentencing decision is affirmed.

¶ 2 The defendant, Brandon Tovar, was charged with three counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2018)) and one count of grooming (720 ILCS 5/11-25(a) (West 2018)). The State later filed two additional counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2020)) and two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)). The predatory criminal sexual assault charges alleged that the defendant committed two acts of sexual penetration against J.B. in that he placed his penis in J.B.'s vagina (count VII) and placed his penis in J.B.'s mouth (count VIII). The abuse charges alleged that the defendant placed his hand on J.B.'s breast (count V) and placed his

1

penis against J.B.'s body (count VI). The grooming charge (count IV) alleged that the defendant used a computer online service to seduce, solicit, lure, or entice J.B. in order to engage in unlawful sexual conduct.

¶ 3                                    I. BACKGROUND

¶ 4    Because the defendant's argument is based solely on the length of his sentence, we recite only those facts necessary to this disposition. The alleged offenses occurred between April 1, 2020, and October 19, 2020, when the defendant was 35 years old, and J.B. was 12 years old. J.B. was a friend of the defendant's daughter, M.T., and attended Heartland Church, where the defendant was a volunteer in the youth ministry.

¶ 5    The victim, J.B., testified that the defendant had sexual intercourse with her "around, like, thirteen times," by placing his penis inside of her vagina. On one occasion, the defendant orchestrated their isolation by picking up J.B. for his own daughter's birthday party, but then took J.B. back to his house, where he had sexual intercourse with her. The defendant neither testified at trial nor made a statement in allocution at sentencing.

¶ 6    Following a jury trial, the defendant was convicted on all counts. Before sentencing, the trial court accepted the defendant's guilty plea to two additional accounts of aggravated criminal sexual abuse in case Nos. 20-CF-1336 and 20-CF-1337, both of which involved different minor victims. During the sentencing hearing, J.B. submitted a victim impact statement, in which she told the court that because of the defendant, she has attempted suicide, was kicked out of school, developed an alcohol and drug addiction, and now constantly deals with anxiety around older men. J.B. also included a page from her journal, exhibiting her mental anguish caused by the defendant's portrayal of love for her. As an additional aggravating factor, the State produced evidence regarding the defendant's sexual conduct with another minor, T.L.

2

¶ 7    In mitigation, the defendant presented evidence that he participated in Celebrate Recovery for substance abuse and several character letters from friends and family. Defense counsel argued that the defendant had "been an encourager, been a part of the leadership team, really helping with other people." When delivering its reasoning for the defendant's sentence, the circuit court stated in response: "The fact that he was a youth minister and he was in Celebrate Recovery during the time he was committing these acts makes it even worse to me, honestly."

¶ 8    The trial court imposed consecutive 30-year prison terms on each of the predatory criminal sexual assault counts, to be served consecutive to a 7-year prison term on one of the aggravated criminal sexual abuse counts. The court sentenced the defendant to a seven-year prison term on the remaining aggravated criminal sexual abuse count, to be served concurrent to a six-year term on the grooming count. For the aggravated criminal sexual abuse counts in case Nos. 20-CF-1336 and 20-CF-1337, the court sentenced the defendant to concurrent prison terms of six years. The defendant's sentences resulted in a cumulative prison term of 67 years. This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10    The defendant's sole argument on appeal is that the trial court's imposition of a sentence that would keep him in prison until he is 87 years old was an abuse of discretion. Predatory criminal sexual assault of a child is a Class X felony, punishable by a prison term between 6 and 60 years and the requirement that consecutive sentences be imposed when convicted of more than one count. 730 ILCS 5/5-8-4(d)(2) (West 2018). The State correctly notes that the defendant's sentences on both of the predatory criminal sexual assault of a child convictions were actually slightly less than the midpoint of the sentencing range.

¶ 11    "If a sentence falls within the statutory limits, it will not be overturned on appeal absent abuse of discretion." *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 16. "An abuse of discretion

3

occurs only if a sentence greatly varies from the spirit and purpose of the law or where it is manifestly disproportionate to the nature of the offense." *Bunning*, 2018 IL App (5th) 150114, ¶ 16.

¶ 12 When determining an appropriate sentence, the trial court must consider the defendant's "credibility, demeanor, general moral character, mentality, social environment, habits, and age" and impose a sentence based on the circumstances of each case. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. The trial court must also carefully consider the statutory factors in mitigation and aggravation. *People v. Center*, 198 Ill. App. 3d 1025, 1033 (1990). However, the trial court is not required to recite and assign a value to each factor considered. *Pina*, 2019 IL App (4th) 170614, ¶ 19. There is a presumption that a trial court considers all mitigating evidence presented. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 33.

¶ 13 The defendant contends that the trial court failed to consider his rehabilitative potential in giving him what is, for practical purposes, a life sentence. "Imposing what is, for practical purposes, a life sentence on a defendant who has committed heinous physical and emotional harm to a victim is not at variance with the spirit and purpose of the law." *People v. Bien*, 277 Ill. App. 3d 744, 756 (1996).

¶ 14 The responsibility for balancing between rendering justice and rehabilitating the defendant rests with the trial court. A defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense. The goal of rehabilitation should not be elevated over the goal of justice. It offends justice to declare to crime victims and their families no "reasonable" view of the record of their victimization would justify a life sentence for the person who has physically and emotionally brutalized them. *Bien*, 277 Ill. App. 3d at 756.

4

¶ 15 Additionally, the recidivism risk posed by sex offenders is "frightening and high." *People v. Coty*, 2020 IL 123972, ¶ 28.

¶ 16 The defendant's invitation to substitute our preference as to his sentence is declined. There is *nothing* in this record upon which to conclude that the trial court abused its discretion in fashioning the defendant's sentence.

¶ 17                                   III. CONCLUSION

¶ 18      For the foregoing reasons, the trial court's sentencing decision is affirmed.

¶ 19 Affirmed.